IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                        ORDER

        v.                            06-cr-214-bbc-1

ANTOINE T. DEAL,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Antoine T. Deal's supervised release was held on June 12, 2015, before U.S. District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney Timothy M. O'Shea. Defendant was present in person and by counsel, assistant federal defender, Kelly A. Welsh. Also present was U.S. Probation Officer Rhonda Frank-Loron.

From the record and the parties' stipulation, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on April 18, 2007, following his conviction for possession with intent to distribute cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. This offense is a Class B felony. Defendant was committed to the custody of the Bureau of Prisons to serve a 168-month term of imprisonment to be followed by a four-year term of supervised

release.  On August 25, 2008, defendant's sentence was amended to a 115-month term of imprisonment and on November 3, 2011, amended again to a 92-month term of imprisonment, to be followed by a four-year term of supervised release.  Defendant began his term of supervised release on August 12, 2013.

On March 19, 2015, defendant violated the mandatory conditions of his supervised release prohibiting him from committing another federal, state or local crime and from illegally possessing a controlled substance and Standard Condition No. 7, prohibiting him from purchasing, possessing, using, distributing or administering any narcotic or other controlled substance, and Standard Condition No. 9, prohibiting him from associating with any person convicted of a felony.  On that day, defendant participated in a heroin deal with a confidential source who was cooperating with the Janesville, Wisconsin police department. The deal was arranged by Kingston Robertson, a convicted felon also on active supervision in the Western District of Wisconsin; Robertson sent defendant to complete the transaction, which defendant did by selling 0.4 grams of heroin to the cooperating source.

Defendant's conduct falls into the category of a Grade A violation.  Under § 7B1.3(a)(1), the court shall revoke the term of supervised release upon a finding of a Grade A violation.

CONCLUSIONS

Defendant's decision not to comply with the conditions of his supervised release and resumed participation in a criminal lifestyle requires revocation of the four-year term of

supervised release imposed on defendant on April 18, 2007, amended on August 25, 2008 and amended again on November 3, 2011. Defendant's criminal history category is IV. With a Grade A violation, defendant has an advisory guideline term of imprisonment of 24 to 30 months. Under 18 U.S.C. § 3583(e)(3), the statutory maximum to which defendant can be sentenced upon revocation is three years because his underlying offense is a Class B felony. Another term of supervised release to follow imprisonment would be permissible under 18 U.S.C. § 3583(h) unless the statutory maximum term of imprisonment is imposed.

After reviewing the non-binding policy statements of Chapter 7 of the Guidelines Manual, I have selected a sentence at the bottom of the advisory guideline range to hold defendant accountable for his violations, to protect the community, to promote respect for the law and to achieve parity with the cases against Kingston Robertson and Lee Wilson.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant Antoine T. Deal on April 18, 2007, amended on August 25, 2008 and amended again on November 3, 2011, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of imprisonment of 24 months. No term of supervised release shall follow the term of imprisonment.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 12th day of June, 2015.


BY THE COURT:

/s/

BARBARA B. CRABB

District Judge